## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. LEITCH et al.

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5723.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In its background and general aspects this case is like Sacramento Suburban Fruit Lands Co. v. Melin (No. 5671) 36 F.(2d) 907, this day decided.

In the course of the trial the appellees called as a witness a young man, Herbert C. Davis, as an horticultural expert. After explaining his educational qualifications, he testified that for about seven years he was manager for United Orchards Company in the development and handling of about 100 acres of orchard lands at Antelope, a part of which adjoined the Rio Linda tract, and that these lands were somewhat similar to the Rio Linda lands. Whereupon the following occurred:

"Q. Did you try to raise fruit on that hard-pan land? A. Yes.

"Q. What was the result? A. It was an absolute failure.

"Q. Can you tell us how much of a financial failure it was?

"Mr. Kelly. That is objected to as immaterial.

"The Court. Objected overruled.

"Mr. Kelly. Exception.

"A. In the seven years the company lost about $47,000 in its operations."

Appellant assigns the exception thus noted as one of the errors relied upon in this appeal. Upon an issue such as was herein involved, there is always difficulty in resorting to experience and observation upon other lands as a basis for determining the character and productivity of the lands in question. Where the land in suit is of a uniform character and the lands compared therewith are also of uniform character, and it is shown that the two tracts are similar, experience upon the one may with safety be resorted to as of probative value. But, admittedly, within itself the Rio Linda tract exhibits great diversity in subsoil conditions. The problem is stated and instructively discussed by the District Court of Appeals of California in Palladine v. Imperial Valley Farm Lands, 65 Cal. App. 727, 225 P. 291. While, under the conditions shown, it may not have been error for the court to permit

Davis to testify that the Rio Linda lands were not adapted to the raising of fruit and to fortify his opinion by a specific reference to his experience upon the Antelope tract, it is not thought that under any reasonable extension of the rule can the inquiry touching the financial result of the Antelope enterprise be justified. That subject involves a variety of considerations. Apparently the seven years' experience of the witness was from the initiation of the project, that is, from the time the lands were taken over and young trees were planted thereon. Almost necessarily the first years of orcharding, that period during which the trees are growing and before they bear fruit in any considerable quantities, involve an outlay and very little, if any, income, and, unless the value of the matured orchards be taken into consideration, the books would necessarily show a loss. Furthermore, the question of profit and loss would depend upon management, weather, and market, and perhaps other conditions. The ruling to which exception was taken was erroneous, and we are unable to pass it as being probably nonprejudicial. Under the issues as they were presented to the jury and the evidence as it stood, we are inclined to think that such a statement in itself was likely to affect the reasoning of the jurors, but the significance which they would naturally attach to it was very much enhanced by the comment made by the court in the charge to the jury. The court commented at length upon the testimony of this witness and was manifestly inclined to give great weight to it. In the course of this comment it was said:

"The witness also testified to you that he had had practical experience at Antelope, adjoining these lands—seven years, he lived on it for five years before—extensive orchards, more than one hundred acres, and that after seven years' management of it, the soil on the average somewhere around only four feet, proved that the rule was good that he had learned in school, and he made a failure of that and lost some $47,000.

"In respect to that, Gentlemen, you all know that young men, sometimes, coming out of school think they know it all, and that the rules are not of any account, and that they are going to prove that they are wrong. Well, Mr. Davis says he tried it out, he has come back to the rule, and he has paid for his experience."

True, there was no appropriate exception to this instruction, but we are here considering the question whether or not testimony erroneously admitted over defendant's objection was prejudicial, and for that purpose, of course, we are to resort to all the circumstances of the trial as disclosed by the record.

We express no views upon the other assignments of error. Some of the questions will probably not arise in the course of another trial, and some are ruled by our decisions in other cases in the group.

The judgment will be reversed, with directions to grant a new trial.